LANG, Appellant v. LANG, Respondent.

(173 N. W. 443).

(File No. 4543.   Opinion filed July 22, 1919).

1.   **Judgments—Defendant "Appellees," Judgment Versus "Appellees."**

Where the judgment in the Supreme Court in which there were three appellees, recited "that the appellees pay," etc., the judgment was in effect against the present appellant; construing Civ. Code 1903, Sec. 2468, Sec. 52 Rev. Code 1919, providing that words used in singular number exclude the plural and the plural the singular, except where contrary intention clearly appears.

2.   **Judgments—Authenticated Copies Foreign Judgment, No Common Law Judgment Roll—Sufficiency of Evidence.**

An authenticated copy of a judgment of a sister state, is sufficient evidence upon which to base a judgment in a suit in this state upon the foreign judgment, under Code Civ. Proc. 1903, Sec. 520 (Sec. 2719 Rev. Code 1919), and Sec. 905, U. S. Rev. Statutes (Sec. 1519 U. S. Comp. Stat. 1918); it being unnecessary to admissability of a judgment that it be contained in the formal judgment roll of the common law.

3.   **Judgments—Certified Copy of Judgment, Prima Facie Sufficiency to Sustain Judgment—Judgment Sister State, Same Rule.**

A certified copy of judgment of the court of this state is prima facie evidence to sustain the present judgment in a suit based upon a judgment; and the same rule applies to judgments of sister states.   So held, in a suit on a foreign judgment.

Appeal from Circuit Court, Charles Mix County.   HON. ROBERT B. TRIPP, Judge.

Action by John R. Lang, against Thomas W. Lang, to recover upon two foreign judgments.   From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*J. E. Tipton,* for Appellant.

*R. J. Scoville,* and *A. B. Beck,* for Respondent.

(2)  To point two of the opinion, Appellant cited:

Wickersham v. Johnston 104 Cal. 407, 43 Am. St. Rep. 118, 38 Pac. 89; Kenyon v. Baker, 16 Mich. 373. 97 Am. 104 Dec. 158.

Respondent cited:

State ex rel Engelhard v. Webber, (Minn.) 105 N. W. 490; Caughran v. Gilman, (Iowa) 46 N. W. 1005; Snyder et al. v. Critchfield, 62 N. W. 307; Black on Judgments, Vol. 2, Sec. 896.

GATES, J.   Action upon two judgments; one rendered in the Supreme Court of Iowa, the other in the district court of Crawford county, Iowa.

The plaintiff offered in evidence copies of the judgments duly authenticated as provided by section 529, C. C. P. (section 2719, Rev. Code, 1919), and by section 905, R. S. U. S. (section 1519, U. S. Comp. Stat.),. and rested.   The defendant offered no evidence.   From the judgment and an order denying new trial defendant appeals.

[1] From the judgment in the Supreme Court of Iowa (157 Iowa, 300, 135 N. W. 604) .it appears there were three appellees, of whom this defendant was one, but the judgment recited:

"It is further considered by the court that the appellee pay the costs of this appeal taxed at $833.25 and that execution issue therefor."

It is claimed by the present appellant that the judgment of the Iowa court being against the appellee, in the singular, it is not shown that the judgment was rendered against him.

"Words used in the singular number include the plural, and the plural the singular, except where a contrary intention clearly appears."   Section 2468, C. C. (section 32, Rev. Code, 1919).

The contrary does not clearly appear.

[2] It is further claimed that the evidence was insufficient to justify the judgment appealed from, in that no judgment roll or other record of any kind of either the Iowa judgments was offered in evidence, and because no proof was offered of any jurisdictional facts showing that the Iowa courts had jurisdiction to render the judgments against appellant.   It is not necessary to the admissibility of a judgment that it be contained in the formal judgment roll of the common law.   Jones, Ev. § 620.

[3] If the judgments had been rendered by courts of this state, they would have been prima facie sufficient to sustain the present judgment.   The same rule applies to judgments of sister states.   Paul v. Paul, 41 S. D. 383, 170 N. W. 658; Jones, Ev., §§ 38, 618; State ex rel. Engelhard v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. Rep. 630.

The judgment and order appealed from are affirmed.